```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

MARK ANTHONY STROMAN,            §
                                 §
         Petitioner,             §
                                 §
VS.                              §
                                 § Civil Action No. 3:05-CV-1616-D
                                 §
RICK THALER, Director,           §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
         Respondent.             §

## MEMORANDUM OPINION AND ORDER

Petitioner Mark Anthony Stroman's ("Stroman's") October 7, 2009 motion to alter/amend judgment pursuant to Fed. R. Civ. P. 59 is denied.

The court assumes the parties' familiarity with its opinion in this case. *Stroman v. Thaler*, 2009 WL 3075168 (N.D. Tex. Sept. 28, 2009) (Fitzwater, C.J.).  "It is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir.2000) (citing *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

> A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law.

*Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (footnote omitted) (citations and quotation mark omitted).

Stroman maintains that the court erroneously concluded that he had not made the requisite showing of actual innocence to avoid the imposition of a procedural bar. He essentially attempts to relitigate issues previously resolved against him by presenting his disagreement with the court's analysis. This is insufficient to warrant granting Rule 59(e) relief.

Stroman also complains that "[t]he Memorandum Opinion relies on evidence presented at trial, despite *Schlup*'s instruction to look to evidence that had not been presented at trial." P. Mot. 2. Essentially, he contends that the court analyzed his "actual innocence" evidence by considering not only the evidence he identified as "new," but all of the other evidence in the record bearing on this question. He posits that

> [t]his Court's ruling is contrary to and an unreasonable application of *Schlup* because *Schlup* teaches that a "petitioner's showing of innocence is not insufficient solely because the trial record contained sufficient evidence to support the jury's verdict."

- 2 -

*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 331 (1995)).  Stroman then reemphasizes the possible impact of the mental impairments he identified on his *mens rea* in a context limited to selected portions of the record.

The court disagrees with Stroman's interpretation of the controlling precedent.  Closely following the language quoted by Stroman, *Schlup* states that "the District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 331-32.  This "new evidence" requirement adds a burden to the habeas petitioner to produce evidence that was not already considered by the finder of fact that determined his guilt.  But it does not limit a federal habeas court's consideration of his claim to only the evidence that the petitioner selects.  The court is required to assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial, which is what this court did.  Therefore, because the court properly analyzed Stroman's evidence, his argument lacks force.

Because Stroman has failed to make the requisite showing under Rule 59(e), his October 7, 2009 motion to alter/amend judgment is denied.

**SO ORDERED.**

October 9, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE